UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROCHESTER COMMUNITY      )
SCHOOLS CORPORATION,      )
     )
      Plaintiff,      )
     )     CAUSE NO. 3:06-CV-351 RM
      v.      )
     )
HONEYWELL, INC., *et al.*,      )
     )
      Defendants.      )

**ORDER AND OPINION**

On August 11, 2006, Plaintiff filed a motion to extend deadlines and to conduct limited

discovery.  On August 29, 2006, Defendants filed their response.  On September 11, 2006,

Plaintiff filed its reply in support of its motion.  Also, on July 31, 2006, Defendants filed a

motion for extension of time.  For the following reasons, Plaintiff's motion is **GRANTED** [Doc.

No. 26] and Defendants' motion for extension of time is **GRANTED** [Doc. No. 20].

I.     **RELEVANT BACKGROUND**

On May 10, 2006, Plaintiff filed its original complaint in state court alleging, among

other things, a breach of contact.   However, on June 2, 2006, this case was removed to this

Court pursuant to Defendants' motion based on 28 U.S.C. § 1332.  On June 29, 2006, Plaintiff

moved to have this case remanded back to state court.  On July 31, 2006, Defendants not only

responded to Plaintiff's motion to remand, but Defendants also filed a motion to compel

arbitration and stay proceedings.  Both the motion to remand and the motion to compel center

around the factual details of two addendums to the parties' second and third contracts.

Plaintiff's basis for its motion to remand is that the addendums contain a forum selection clause that restricts jurisdiction to state court.  The addendums state, "if the Parties fail to agree . . . the claim shall be decided by a court of competent jurisdiction of Fulton County, Indiana." Therefore, Plaintiff alleges this Court lacks subject matter jurisdiction over this case and that Fulton County, Indiana courts have exclusive jurisdiction.

Defendants contend that the addendums were never adopted, and as a result, remanding this case is inappropriate.  The Defendants claim that Plaintiff's representatives proposed modifying the standard contracts to include the addendums.  Defendants representatives advised them that they would discuss the proposed addendums but that they did not have authority to adopt the addendums.  Apparently, the parties discussed the modifications, but Defendants claim that the appropriate authority never signed or ratified the addendums.  As a result, the addendums containing the forum selection clauses were never adopted and do not control. Instead, Defendants contend that there is language in the contract that compels the parties to arbitrate.

Plaintiff disputes the validity of these factual allegations. Plaintiff asserts that facts exist that indicate the addendums are valid.  However, Plaintiff claims it needs time to perform limited discovery to develop these facts.  Plaintiff also seeks an extension of time to respond to Defendants till the end of the limited discovery period.   Therefore, on August 11, 2006, Plaintiff filed a motion to perform limited discovery and for an extension of time.  This Court may rule on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

II.     APPLICABLE LAW & ANALYSIS

Discovery is designed to define and help clarify issues. <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 n. 13 (1978). When issues arise as to jurisdiction, discovery is available to ascertain the facts bearing on those issues. <u>Id</u>. at 351. The parties clearly disagree as to whether the addendums are valid, and the addendums may determine whether this Court has jurisdiction. The issue of whether or not this Court has subject matter jurisdiction over this case is paramount. "A court lacks discretion to consider the merits of a case over which it is without jurisdiction." <u>Id</u>. (quoting <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 379 (1981)); <u>see</u> <u>also</u> <u>Orum v. C.I.R.</u>, 412 F.3d 819, 821 (7th Cir. 2005). As a result, the primary concern is to accurately and thoroughly resolve any factual issues with regards to the addendums because they may control subject matter jurisdiction, which will best be accomplished by allowing a limited amount of discovery.

Defendants contend that no factual issue exists because the 'four corners rule' of Indiana prevents a court from utilizing extrinsic evidence in interpreting a contract. The Defendants correctly argue that the parol evidence rule bars the admission of evidence or oral representations that contradicts a written contract. <u>America's Directories Inc. v. Stellhorn One Hour Photo, Inc.</u>, 833 N.E.2d 1059, 1066 (Ind. Ct. App. 2005). However, the prohibition is not absolute if parol evidence is offered to show misrepresentation or mistake in contract formation.[1] <u>Id</u>. Plaintiff disagrees with the facts as the Defendants have presented them and argues

---

[1]The Defendants also argue that the addendums clearly on their face indicate that this Court may hear this case. The addendums state, "if the Parties fail to agree . . . the claim shall be decided by a court of competent jurisdiction of Fulton County, Indiana." However, it is debatable whether the clause refers specifically to a court of Fulton County, Indiana or any Court that encompasses claims arising from Fulton County, Indiana, such as this Court. When reasonably minds find different meaning from the same terms, parol evidence may also be used to resolve ambiguity. <u>McCord v. McCord</u>, 852 N.E.2d 35, 43 (Ind. Ct. App. 2006).

3

Defendants' facts suggest the existence of misrepresentation or mistake with regards to the formation of the addendums.  Plaintiff's reply identifies several specific facts that are contrary to the facts Defendants have presented, which suggests that there may be either misrepresentation or mistake with regards to the formation of the addendums.  Consequently, limited discovery will allow the parties to clarify and define any factual issues relating to the validity of the addendums, which in turn will help determine if subject matter jurisdiction exists.

Defendants also contend that Plaintiff could have performed limited discovery on this issue prior to filing its motion to remand.  This case was filed less than five months ago. Defendants have not answered the Plaintiff's complaint in this Court, the parties are still disputing preliminary matters, and no discovery has been performed.  Consequently, Plaintiff would not likely have been aware of any factual disputes that required discovery.

Despite any of Defendants arguments, Defendants have not indicated that they would be prejudiced in any way by performing a limited amount of discovery on the jurisdictional issue. Fed. R. Civ. P. 26(b)(2) provides several examples in which discovery may be limited because it is considered prejudicial or unreasonable.  However, Defendants have not advanced any of these arguments or any others to suggest that they would be prejudiced by performing a limited amount of discovery.

Therefore, because of the importance of establishing subject matter jurisdiction, because there appears to be a factual dispute as to the validity of the addendums that control subject matter jurisdiction, and because Defendants' would not be prejudiced, it is appropriate to allow limited discovery and to extend the deadline for Plaintiff to respond.  Therefore, the parties shall have until **November 3, 2006**, to perform limited discovery on the issue of subject matter

jurisdiction.  Plaintiff shall file a response to Defendants' motion to compel arbitration and a reply to Defendants' response to Plaintiff's motion to remand by **November 13, 2006**. Defendants may file their reply to Plaintiff's response by **December 1, 2006**.

## III.   ANCILLARY MATTERS

Defendants ask this Court for an opportunity to respond to any new arguments raised by the Plaintiff.  Defendants will have an opportunity to reply to Plaintiff's response to the motion to compel arbitration, but this Court can only speculate at this time as to whether Plaintiff will raise any new arguments in its reply in support of its motion to remand. Consequently, it would be premature to decide this question at this time.  Defendants may file a request for an opportunity to respond at a more appropriate time after Plaintiff has replied in support of its motion to remand.

Also, on July 31, 2006, Defendants filed a motion for extension of time.  Defendants wish to stay the deadline to file an answer until this Court rules on the motion to remand and the motion to compel arbitration.  If either of these motions are granted, the Defendants' answer will be unnecessary.  Therefore, Defendants' motion for extension of time is **GRANTED** [Doc. No. 20].  The deadline for Defendants to file an answer is **STAYED** until this Court rules on the motion to remand and the motion to compel arbitration.  This Court will then address when Defendants' answer is due when it rules upon the motion to remand and the motion to compel arbitration.

## IV.   CONCLUSION

Allowing the parties to perform limited discovery on the issue of subject matter jurisdiction is appropriate.  Also, allowing Plaintiff the opportunity to respond at the end of the

limited discovery period will maximize development of the issue.  Consequently, Plaintiff's motion to perform limited discovery and for an extension of time is **GRANTED** [Doc. No. 26]. The parties shall have until **November 3, 2006**, to perform limited discovery on the issue of subject matter jurisdiction.  The Plaintiff shall provide its responses by **November 13, 2006**. The Defendants' reply is due by **December 1, 2006**.  Also Defendants' motion for extension of time is **GRANTED** [Doc. No. 20] and the deadline for Defendants' to file an answer is **STAYED**.

        **SO ORDERED.**

Dated this 21st Day of September, 2006.


                                     s/Christopher A. Nuechterlein
                                     Christopher A. Nuechterlein
                                     United States Magistrate Judge