UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROCHESTER COMMUNITY SCHOOL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:06-CV-351 RM |
| v. | ) | |
| | ) | |
| HONEYWELL, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 16, 2006, Defendants filed a consented motion for a protective order.  For the following reasons, the Defendants' motion for a proposed protective order is **DENIED WITHOUT PREJUDICE**  [Doc. No.  36].  The parties may resubmit a proposed protective order that comports with Seventh Circuit precedent for this Court's consideration.

I.    **APPLICABLE STANDARD**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999).  In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens*,* 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens*,* 178 F.3d at 945).  In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all requests to seal documents in light of the public interest in the judicial process. Citizens*,* 178 F.3d at

945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality,

Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in

discovery, this Court must ensure that "(1) the information sought to be protected falls within a

legitimate category of confidential information, (2) the information or category sought to be

protected is properly described or demarcated, (3) the parties know the defining elements of the

applicable category of confidentiality and will act in good faith in deciding which information

qualifies thereunder, and (4) the protective order explicitly allows any party and any interested

member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647

(citing Citizens, 178 F.3d at 946).  This Court may issue a protective order in this case pursuant to

its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.   ANALYSIS**

The parties' proposed order fails because the order contains no language explicitly allowing

interested members of the public to challenge the sealing of particular documents.  "The right to

intervene to challenge a closure order is rooted in the public's well-established right of access to

public proceedings."  Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000).  In granting protective

orders, judges are thus "the primary representative[s] of the public interest in the judicial process"

and must require that a "protective order explicitly allows any party and any interested member of

the public to challenge the sealing of particular documents."  Pierson, 205 F.R.D. at 647 (citing

Citizens, 178 F.3d at 945-46).  The proposed order fails to allow any interested member of the

public to challenge the sealing of particular documents.

**III.   CONCLUSION**

Because it fails to explicitly express that any interested member of the public may challenge the sealing of particular documents, this Court **DENIES WITHOUT PREJUDICE** the Defendants' proposed protective order. [Doc. No. 36].  The Defendants may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED.**

Dated this 19th Day of October, 2006.


                                        S/Christopher A. Nuechterlein
                                        Christopher A. Nuechterlein
                                        United States Magistrate Judge